## IVORY HOVEY *vs.* JOHN G. DEANE.

Where a township of land was conveyed by the State to an individual, with a reservation therein, that each person who had settled thereon before a certain day should receive a deed of a hundred acre lot, including his improvement, from the grantee of the State, on payment of a certain sum before a fixed day; it was *held*, that the fee of the whole township passed by the deed; and that a settler must pay the stipulated sum by the time fixed to entitle himself to a deed.

When the copy of a will and of the probate of it in another State, is duly filed in the proper probate office in this State, it has relation back to the time of the decease of the testator.

Where a written power of attorney is offered in evidence, on a trial, to prove the authority of one acting as agent, and rejected from want of proper proof of its execution; parol evidence is inadmissible to prove the agency.

THIS was an action of trespass for taking and carrying away a quantity of timber and bark, alleged to be the plaintiff's property. The defendant pleaded the general issue, and filed a brief statement, setting forth that the timber and bark were not the property of the plaintiff, but of the heirs of *William Bingham* and others, owners of township No 14, in the County of *Hancock*; and that the defendant, acting by direction of their agent and attorney, took the timber and bark, because it had been illegally cut on said township.

The defendant proved a conveyance of said township from the Commonwealth of *Massachusetts* to *William Bingham*, by deed, dated *Jan.* 28, 1793. The deed contained the following words — " reserving to each of the settlers, who settled on the premises before the 1st day of *July*, 1791, his heirs and assigns forever, one hundred acres of land, to be laid out in one lot so as to include such improvements of the said settlers, as were made previous to *July* 1, 1791, and to be least injurious to the adjoining lands; and each of said settlers, who settled before *Jan.* 1, 1784, upon paying to said *Bingham*, his heirs and assigns, five Spanish milled dollars, and every other of said settlers, upon paying to said *Bingham*, his heirs or assigns, twenty Spanish milled dollars, shall receive from the said *Bingham*, his heirs or assigns, a deed of one hundred acres of said land, laid out as aforesaid, to hold the same in fee; the said deeds to be given in two years from the

date hereof, provided the settlers make payment as aforesaid, within that period."

The plaintiff shew, that the timber and bark were cut on a lot in said township, which was actually occupied as a settler's lot before *July* 1, 1791, by one *Flood*, under whom he claimed. There was no evidence, that any sum of money had been paid or offered to *Bingham*, or his heirs, for this lot in pursuance of said reservation, or that any deed of the said lot had been given to *Flood*, or those claiming under him, by *Bingham*, or his heirs; but there was evidence tending to shew, that the possession of the lot was abandoned by the settler, as early, as 1792, prior to the deed from the Commonwealth, and that no person had subsequently resided thereon.

The plaintiff's counsel contended, that the title to this lot never passed to *Bingham* by the deed; but *Parris J.*, who tried the cause, ruled that it did.

*Thomas M. Willing* became the owner of one half the township, No 14, by conveyance from *Bingham*, and by his will, approved *Oct.* 28, 1822, authorized his executors to make conveyances to pass the real estate, whereof he died seized; and in pursuance of this authority, *R. Willing*, as surviving executor of *T. M. Willing*, on the 6th of *Sept.* 1827, conveyed this lot, in trust, to *J. Richards* and *J. R. Ingersol*. A copy of the will of *T. M. Willing* was filed in the proper probate office in this State, subsequently to the giving of said deed by *R. Willing*. The counsel of the plaintiff objected, that as no copy of the will had been filed within this State at the time of the making of this deed, that it was inoperative and that nothing passed by it; but the Judge overruled the objection.

The defendant proved, that in taking possession of the timber and bark, he acted under *John Black*, who professed to be agent and attorney of the owners of township No. 14. To prove the agency of *Black*, the defendant offered a power of attorney from the heirs of *Bingham*, and from *Richards* and *Ingersoll*, to said *Black*, but failed to prove its due execution. He then offered *Black's* deposition to prove his agency, to the admission of which the plaintiff objected. That the trial might proceed, the Judge permitted the deposition to be read. The jury returned a

Hovey *v.* Deane.

verdict for the defendant, which was to be set aside, if the ruling of the Judge was incorrect.

*J. Holmes*, for the plaintiff, contended :

1. That the reservation in the deed, from the Commonwealth to *Bingham*, operated as a covenant to the use of the settlers. No title to the settler's lots passed to *Bingham* in the first instance, nor could it, until he had located the lots, and offered deeds on payment of the sums stipulated in the reservation. The payment by the settler was not a condition precedent, but he was entitled to retain his possession until the location was made of his lot, and would forfeit his right only by refusing to pay on tender of the deed. It could never have been contemplated, when the deed was made, that the settlers were to go to *Philadelphia* to pay their five dollars each to obtain their deeds. But if the reservation did not convey the lots to the settlers, still the title in them did not pass to *Bingham*, and the tenant cannot shew title in a third person, unless he can derive title to himself by legal conveyance. *Shapleigh* v. *Pillsbury*, 1 *Greenl.* 271.

2. The will of *Bingham* could have no legal effect to convey lands in this State before the copy was filed according to the provisions of our statute.

3. The written power of attorney produced, but not proved, shew, that *Black's* power, if any, was not by parol, but in writing. Parol evidence to prove its contents is inadmissible. *Black* was interested, and for that cause his deposition was inadmissible. He was liable to *Dean* for all damages sustained in consequence of his assuming to be the agent of the *Bingham* heirs when he was not.

*D. Goodenow*, for the defendant.

1. As *Bingham* was to convey the fee to the settlers, on their complying with the conditions prescribed in the reservation in the deed, the fee must pass to him, or he could not pass it to others. And as there was but one deed made, or contemplated to be made, from the Commonwealth to *Bingham*, the fee must necessarily pass when the deed was delivered. This question is settled in principle, in *Dunlap* v. *Stetson*, 4 *Mason*, 349. But in this case no such question can fairly arise, because the report shews, that the original settler had abandoned the lot before the deed to

*Bingham.* The reservation applied only to settlers then upon the land.

2. Our statute is silent as to the time when the copy of the will and of the probate of it is to be filed. When once filed, the will is to be considered as valid as if it had been proved here at the time it was proved in the place of the testator's domicil. The filing of the will operates retrospectively and gives effect to it from the time of its being originally proved.

3. It is not necessary that a power to act in a case like this should be in writing. If this be true, then it is not necessary to produce a written power, if one exists; but it is sufficient to prove in any mode, the authority to act for the principals. This may well be done by parol. The defendant is not the person holding the written power, and ought not to be prejudiced, if it is withheld. He having acted under the direction of *Black*, ought to be allowed to shew that *Black* was the agent of the owners, by any means within his power. The deposition of *Black* is proper evidence for that purpose. He is a competent witness to prove his own agency; *Paley on Agency*, 235. It has been held, that a magistrate, having a written commission, may testify on a trial, that he is a magistrate. *State v. Hascall,* 6 *N. H. Rep.* 352. Where the acts of the agent are beneficial to the principal, as in this case, the agency may be presumed. *Hatch* v. *Smith*, 5 *Mass. R.* 42.

The action was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J.— From the terms of the conveyance, from the Commonwealth of *Massachusetts* to *William Bingham*, in 1793, of township number fourteen, taken together, it is manifest, that it was intended the fee of the whole should pass to him. The settlers, for whose accommodation certain conditions were imposed, were to receive conveyances in fee from *Bingham*, his heirs or assigns, which plainly implies, that the legal title, by that conveyance, vested in *Bingham*. And there it was to remain, unless the settlers paid the sums, required to be paid by them respectively.

When a copy of the will of *Thomas M. Willing*, deceased, with a copy of the probate thereof, under the seal of the court where the same will had been proved and allowed, was filed and recorded in the proper probate office in this State, it had relation back to the decease of the testator, as this Court has decided, in *Spring* v. *Parkman*, 3 *Fairf*. 127.

The authority of *Black*, under whom the defendant acted, depending on a power of attorney, produced at the trial, could not be proved by parol. The power should have been established by competent proof. This not having been done, and the agency of *Black*, having been proved only by his own testimony, the verdict is for that cause set aside, and a new trial granted.